## THE STATE *v.* CRITCHETT.

CRIMINAL LAW. *Extortion. Municipal Officer.* An officer of a municipal corporation who demands and receives any greater fee for performing any duty or service than is allowed by ordinance of the corporation, is guilty of extortion.

### FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton county. J. B. HOYLE, J.

ATTORNEY GENERAL LEA for the State.

———— ———— for Critchett.

FREEMAN, J., delivered the opinion of the court.

The defendant is indicted for extortion by taking more than his proper fees as pound-keeper, an officer created by an ordinance of the Board of Mayor and Aldermen of the city of Chattanooga, the fees being prescribed by said ordinance.

A demurrer was interposed, raising the question whether the offense was subject to an indictment under the law of the State.

By sec. 4810 of the Code, it is provided that it is a misdemeanor for any person knowingly to demand and receive of another for performing any service or duty, for which the fee or compensation is established by law, any greater fee or compensation than is legally allowed or provided. It is settled, too, in *The State* v. *Merritt,* 5 Sneed, 69, that even an honest belief that the officer was entitled to the fee will not shield him, as he is bound to know the legal fees to which he is entitled.

Upon careful consideration, we hold the indictment may well be sustained.

We have held in several cases that municipal officers, as such, are officers of the State within the meaning of statutes regulating official conduct. They are created by virtue of the powers of the charter, which is granted by virtue of a law made by the legislative power. They are political divisions of the State, and make up a part of its somewhat complicated machinery, and essential in this age to its health-

The State *v.* Critchett.

ful working.    This being conceded, it would follow that if such an officer, in violation of the ordinance of the city, which is a law passed in pursuance of powers granted by a law of the land, shall violate that law, he is a person taking compensation not allowed by the law under which he acts, and is within the fair purview of the section quoted.

Large interests are involved in the action of these corporation officers, in which a large number of the citizens of the State are or may be vitally involved and their rights affected.    We think we will best subserve the public interests by holding such officers amenable to the restraints of the penal laws of the State for violations of duty, rather than leave them to the feebler arm of corporate action.

In this view, we hold his Honor the Circuit Judge erred in quashing the indictment, and reverse his judgment.    Remand the case to be further proceeded in.